IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 28 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | | |
|---|---|---|
| MATTHEW PHILLIPS,<br>TDCJ-CID No. 00644019,<br><br>Plaintiff,<br><br>v.<br><br>NFN RICHARDSON, *et al.*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:20-CV-195-Z-BR |

## MEMORANDUM OPINION AND ORDER

Matthew Phillips, a Texas inmate appearing *pro se*, sues employees of the Texas Department of Criminal Justice ("TDCJ") under 42 U.S.C. § 1983. Plaintiff is confined in the Clements Unit of TDCJ in Amarillo, Texas. Plaintiff has not filed an application to proceed *in forma pauperis*, nor has he paid the $402.00 filing fee. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, the Court **DISMISSES** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g).

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Defendants acted with deliberate indifference to Plaintiff's dental-care needs. Specifically, Plaintiff alleges he had several teeth removed and remains in pain. ECF No. 3 at 8. Any treatment provided by Defendants has failed to remedy the pain. *Id.*

The PLRA — enacted on April 26, 1996 — amended 28 U.S.C. § 1915 as it relates to federal civil actions filed by prisoners. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed

civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under Section 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner exhausts avenues of appeal or waives any appellate rights. *Id.*

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that the plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the "three-strike" provision of Section 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387–88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim.[1] Plaintiff is thus barred from proceeding *in forma pauperis*.

Plaintiff did not even attempt to seek *in forma pauperis* status for this filing. Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury at the time he filed this lawsuit. If Plaintiff claims that the failure to receive proper medical treatment places him in imminent danger, he must present medical records or grievances with his Complaint to corroborate his allegations, or he has failed to demonstrate that he was under

---

[1] No. 2:08-CV-0225 (N.D. Tex. 2008) (dismissed as frivolous and for failure to state a claim — no appeal taken); No. 2:09-CV-0118 (N.D. Tex. 2009) (dismissed as frivolous and for failure to state a claim — no appeal taken); No. 2:11-CV-0231 (N.D. Tex. 2012) (dismissed for failure to state a claim — no appeal taken).

imminent danger of serious physical injury at the time his lawsuit was filed. *See Stone v. Jones*, 459 F. App'x 442, 442 (5th Cir. 2012) (per curiam). Plaintiff's allegations do not contain grievances that the Defendants have deliberately ignored Plaintiff's medical and dental needs.

For the above reasons, the Court **DISMISSES** Plaintiff's Complaint as barred by the Section 1915(g)'s three-strike provision. This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within 30 days of the date of final judgment.

**SO ORDERED.**

September 28, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE